**UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA**

UNITED STATES OF AMERICA,

               Plaintiff,

            v.

JUSTIN ANDREW WILKE,

               Defendant.

Case No.  CR 19-5364-BHS

**DETENTION ORDER**

      THE COURT, having conducted a detention hearing on September 30, 2019, pursuant to 18 U.S.C. Sect. 3142, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of the defendant as required.

      This finding is based on 1) the nature and circumstances of the offense(s) charged; 2) the weight of the evidence against the person; 3) the history and characteristics of the person including those set forth in 18 U.S.C. Sect. 3142(g)(3)(A)(B); and 4) nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Findings of Fact/ Statement of Reasons for Detention*

<u>**Flight Risk/Appearance Reasons:**</u>

(X)    Defendant has fled from prosecution, and has repeatedly failed to abide by court orders

(X)    Although the defendant has resided in the Western District of Washington for many years, he has been employed sporadically doing odd jobs; economic stability and job-related ties to the community are weak.

      The defendant has a girlfriend and his mother offered that he could stay at her home – so he has family and friends that tie him to the community. The defendant has skills, yet his employment has not been consistent. According to the U.S. Government's proffer, the defendant has lived in a residence located in a remote part of the Olympic Peninsula, on Harstine Island, WA for several months; before that, he lived at an address in Lilliwaup, WA on the Hood Canal which is also located in a remote area on the Olympic Peninsula in Washington. He fled from his previous residence in Lilliwaup immediately after the fire that is the subject of the current charges.

      The current offenses are very serious. Defendant has been charged by indictment with 8 counts, Counts 1, 5, 7 and 8 allege his participation in the setting of a massive forest fire in Olympic National Park (involving the defendant and co-conspirators). Dkt. 1, Indictment. He is also charged with allegedly illegal cutting and selling of valuable maple trees, taken from Olympic National Park. The alleged economic loss associated with fire suppression in this case is approximately $4,500,000.00. The massive fire and the defendant's alleged activities that led to that fire show that defendant engaged in behavior that is extraordinarily dangerous. One of the current offenses has a 10-year mandatory minimum sentence.

      The United States met its burden of persuasion to show that:

      By a preponderance of the evidence, there is an extreme risk that the defendant would flee or not appear. Under these circumstances, there is a serious risk of flight – the defendant would be at risk to move away from an approved residence, and hide along with his girlfriend in order to disappear (as he has already done by suddenly moving with her to a remote location on Harstine Island); in this way, he would likely attempt to avoid detection and prosecution.

      The Court is convinced there is no condition, nor a combination of conditions, sufficient to assure that the defendant would appear for court as required. Even if the defendant were supervised intensively using GPS monitoring and had his mother as a third-party custodian, the defendant would easily be able to avoid detection by taking removing a GPS device or going to such a remote location that using the GPS signal would be

unworkable. His history of multiple crimes over the past several years, and repeatedly failing to abide by court orders, shows that even if supervised under stringent conditions, it would be virtually impossible to reasonably assure that he would appear for future court hearings. He has approximately six warrants that are currently outstanding from other courts. And, his history of more than forty failure-to-appear warrants, as well as evidence of criminal activity while on supervision – as noted on pages 3-8 of the Pretrial Services Report – shows a disregard for the law, and an inability or unwillingness to abide by court orders.

*Order of Detention*

▸ The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.
▸ The defendant shall be afforded reasonable opportunity for private consultation with counsel.
▸ The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

October 2, 2019

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge