UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JUSTIN ANDREW WILKE,<br><br>　　　　　　　　Defendant. | CASE NO. CR19-5364 BHS<br><br>ORDER |

This matter comes before the Court on Defendant Justin Wilke's Motion for Release Pending Appeal, Dkt. 311. The Court has considered the briefing filed in support of and in opposition to the motion and the remainder of the file and denies the motion for the reasons stated below.

**I.  BACKGROUND**

Wilke was indicted on multiple counts related to illegally harvesting timber and starting the "Maple Fire" in the Olympic National Forest. *See* Dkt. 51. At trial, in his opening statement, Wilke's defense attorney effectively conceded that Wilke committed the six counts related to illegally harvesting timber. Thus, Wilke's trial largely focused on whether Wilke was responsible for the Maple Fire. After a six-day trial, the jury

convicted Wilke on six counts related to illegally harvesting timber and acquitted Wilke on two counts for Setting Timber Afire and Using Fire in Furtherance of a Felony. Dkt. 277.

While the parties agreed that his base offense level was 6, Wilke's sentencing guidelines were heavily disputed. The Government sought a 4-point upward adjustment for Wilke's leadership role in the crime. The Government also sought an 18-level increase for the economic loss associated with the Maple Fire. For that proposition, the Government relied upon Supreme Court precedent establishing that at sentencing, a district court can and should consider all relevant conduct, even if the defendant was acquitted of such conduct. Dkt. 296 at 10 (citing *United States v. Watts*, 519 U.S. 148, 155 (1997)). Typically, the court can consider acquitted conduct if that conduct was proven by a preponderance of the evidence at trial. But, when the enhancement is "extremely disproportionate" to the offense of conviction, the court can only consider the conduct if it was proven by clear and convincing evidence. Thus, the Government argued that Wilke's offense level should have been 28 which would result in a guideline range of 140 to 175 months imprisonment.

In contrast, the defense argued that Wilke should not be held liable for any conduct related to the Maple Fire given he was acquitted on those counts. The defense conceded that a 4-point upward adjustment was appropriate for losses related to the timber poaching operation and also sought a 2-point downward adjustment for acceptance of responsibility. Thus, the defense argued that Wilke's offense level should have been 8 which would result in a guideline range of 10 to 16 months imprisonment.

The Court determined that the Government failed to prove the acquitted conduct by clear and convincing evidence and thus declined to apply the Government's suggested 18-level upward adjustment. The Court also declined to apply the defense's requested 2-level departure for acceptance of responsibility. The Court did apply the 4-point upward adjustment suggested by the defense for the losses caused by the poaching operation. The Court declined to apply the 4-level adjustment suggested by the Government for Wilke's role in the operation because it could not find he led criminal activity consisting of five or more participants. But the Court did apply a 2-point adjustment for his role, finding that he had a leadership role in the criminal activity. Thus, the Court concluded that Wilke's total offense level was 12 and that he had a Criminal History Category of V, resulting in a guideline range of 27 to 33 months imprisonment. The Court sentenced Wilke below that range, to a sentence of 20 months imprisonment and three years supervised release.

Wilke filed a timely notice of appeal, Dkt. 302, and filed this motion for release pending appeal, Dkt. 311, arguing that he intends to raise substantial questions on appeal and that his appeal is likely to result in a sentence less than the time he has already served plus the expected duration of the appeal process. Wilke already served about a year in prison and has around five months remaining when considering good time credits. The Government opposes the motion. Dkt. 314.

## II.  DISCUSSION

Under 18 USC § 3143(b),

> [A] judicial officer must order that a person who has been found guilty of an offense and is sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless the judicial officer finds—

      (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and
      (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
            (i) reversal,
            (ii) an order for a new trial,
            (iii) a sentence that does not include a term of imprisonment, or
            (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 USC § 3143(b)(1). A question is substantial if it is "of more substance than would be necessary to a finding that it was not frivolous." *United States v. Garcia*, 340 F.3d 1013, 1020 n.5 (9th Cir. 2013) (internal quotations omitted).

      Wilke argues that he is not a flight risk, that he has not sought to appeal for the purpose of delay, and that his appeal will raise substantial questions likely to result in a sentence that would be lower than time served plus the expected duration of the appeal process. Dkt. 311. Specifically, Wilke identifies five questions he will raise on appeal: (1) whether the Court erred in considering Wilke's role in the Maple Fire at sentencing, (2) whether the Court erred in denying Wilke an acceptance of responsibility adjustment, (3) whether time was properly excluded from the calculation of the speedy trial period, (4) whether the Court's sentencing procedure is consistent with the proposed Prohibiting Punishment of Acquitted Conduct Act, and (5) the cumulative effect of the first four alleged errors. *Id.* at 4.

      The Government does not dispute that Wilke does not pose a flight risk and that he is not a danger to the community but argues that each of his five grounds for appeal is meritless. Dkt. 314 at 2.

1    Given that the Government does not dispute that Wilke does not pose a flight risk
2    or a danger to the community, the Court will focus on Wilke's five theories for appeal.
3    Each is addressed in turn.

**A.    Consideration of the Maple Fire at Sentencing**

Wilke's first theory on appeal is that "the Court erred by basing Mr. Wilke's sentence in part on the Maple fire" and he intends to argue that it is "unreasonable to impose an enhanced sentence on someone the Court believes may be both legally and morally blameless in order to send a message to the community." Dkt. 311 at 4. The Government correctly points out that the Court did not sentence Wilke based on his acquitted conduct. Dkt. 314 at 6.

At sentencing, the Government proposed an 18-level enhancement under USSG § 2B1.1(b)(1)(J) because the loss from the Maple Fire exceeded $3,500,000. Wilke argued that he should not be held responsible for losses from the fire and instead proposed a 4-level enhancement under USSG § 2B1.1(b)(1)(C) to account for the $31,974 loss from the timber harvesting. The Court stated clearly during Wilke's sentencing that it would not apply the Government's proposed 18-level enhancement because it could not find by clear and convincing evidence that the Maple Fire was reasonably foreseeable to Wilke. *See* Dkt. 314-1 at 9:4 ("The Court does not apply the 18-level enhancement."). The Court instead applied Wilke's proposed 4-level enhancement. *See id.* at 9:5–7.

The Government points out that Wilke's appellate argument may be referring to the Court's reference to public perception during sentencing. *See id.* at 44:7–9 ("What

does the community out there think is just punishment for the leader of a crew that ultimately led to this horrendous fire?"). If this is the argument advanced by Wilke, he misses the point and takes the Court's statement out of context. The Court was referencing the fact that Wilke was the leader of a group of individuals who were poaching timber in the forest. Regardless of who ultimately started the fire, the Maple Fire would not have been set in the absence of the poaching operation. However, the Court did not enhance Wilke's sentence based on any involvement in the Maple Fire.

The Court's purpose in referring to public perception was not to negate its conclusion in refusing the Government's requested 18-level enhancement related to responsibility for the fire. Instead, its purpose was to point out that the public may view the sentence as lenient not knowing "the whole story" as to why Wilke was *not* held responsible for the fire, though he was a leader of a poaching operation. This intent is further supported by the Court's following statement: "A sentence must be thinking about deterring others. That does need to be a clear message about going in to (sic) our forestlands and taking out timber." Dkt. 314-1 at 44:15–17. Here the remarks relating to the sentence were limited to the timber theft and nothing was said about deterring others from recklessly causing or being responsible for a forest fire.

The Court did not consider Wilke's participation in starting the Maple Fire and thus there is no serious question regarding that consideration that Wilke could raise on appeal. Therefore, Wilke's motion is DENIED as to the Court's alleged consideration of the Maple Fire.

**B.     Acceptance of Responsibility**

Wilke next intends to argue that "the Court erred in concluding Mr. Wilke did not qualify for the acceptance of responsibility adjustment at USSG § 3E1.1." Dkt. 311 at 4. The Government argues that Wilke was not entitled to an acceptance of responsibility deduction because he did not accept responsibility until the first day of trial. Dkt. 314 at 5. Moreover, the Government argues that Wilke's sentence would still be below the guideline range had he qualified for an acceptance of responsibility deduction. *Id.*

To qualify for an acceptance of responsibility reduction under USSG § 3E1.1, the defendant must accept responsibility of all charges and that acceptance must be timely. *See United States v. Jeter*, 236 F.3d 1032, 1034 (9th Cir. 2001) (parenthetically quoting *United States v. Valencia*, 957 F.2d 153, 156 (5th Cir. 1992) ("USSG § 3E1.1 does not contemplate either a defendant's mere partial acceptance of responsibility or a district court's being halfway convinced that a defendant accepted responsibility.")). Proceeding to trial does not automatically disqualify the defendant from receiving the reduction, but it is a factor the court should consider in determining whether the defendant qualifies for the reduction. *See United States v. McKinney*, 15 F.3d 849, 852 (9th Cir. 1994). That said, it is rare that a defendant who proceeds to trial qualifies for an acceptance of responsibility adjustment. *Id.*

This is not one of the rare instances where a defendant is entitled to an acceptance of responsibility adjustment after proceeding to trial. The Sentencing Guideline commentary suggests that a defendant who goes to trial may be eligible for an acceptance of responsibility reduction when the defendant goes to trial to assert issues unrelated to

1 factual guilt, such as challenging the constitutionality of a statute. USSG § 3E1.1 cmt. 2. Courts have granted such an adjustment when the defendant denied legal responsibility but admitted the alleged facts leading to his conviction, *see United States v. Miller*, 22 F.3d 1075, 1081 (11th Cir. 1994), or where the defendant's efforts to plead guilty were thwarted by the government and the court, *see McKinney*, 15 F.3d at 852–53.

In contrast, Wilke was not precluded from pleading guilty to those counts to which he conceded guilt. Notwithstanding his concession at the commencement of trial in his counsel's opening statement, without a guilty plea, the Government remained in the position of having to present proof of those conceded counts. Additionally, the Government expended time and effort in preparing the case for trial on *all* counts. His concession was not timely, and he proceeded to trial to challenge his charges, not to assert issues unrelated to factual guilt. While this is a somewhat unique situation, other circuits that have considered similar facts have denied similarly situated defendants an acceptance of responsibility deduction. *See, e.g.*, *United States v. Jones*, 899 F.2d 1097, 1100–01 (11th Cir. 1990), *overruled on other grounds by United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993) (holding district court's refusal to grant defendant an acceptance of responsibility deduction was not clearly erroneous when defendant admitted the less serious charge at trial and was acquitted of the more serious charges).

Wilke was not entitled to an acceptance of responsibility reduction, and his appeal does not raise a substantial question of law or fact as to that issue that is likely to result in a reduced sentence. Moreover, as the Government pointed out, even with an acceptance

of responsibility reduction, Wilke's sentence still fell below the guidelines. Therefore, Wilke's motion is DENIED as to the acceptance of responsibility adjustment.

**C.      Speedy Trial**

Wilke next intends to argue that "time was [im]properly excluded, over defense objections, from the calculation of the speedy trial period." Dkt. 311 at 4.

Wilke's trial was continued eight times. Four of the Government's motions to continue trial were unopposed. Dkts. 26, 168, 197, 215. One of the continuances was filed by Wilke, Dkt. 75, and was opposed by the Government, Dkt. 80. The three continuances Wilke contested were all due to the COVID-19 pandemic. Dkts. 126, 134, 150. As the Government points out, the Ninth Circuit has repeatedly concluded that continuances during the pandemic were justified. *See, e.g.*, *United States v. Olsen*, 995 F.3d 683, 690–93 (9th Cir. 2021); *In re Smith*, 854 F. App'x 158, 161 (9th Cir. 2021).

The Court did not err in excluding time from Wilke's speedy trial period by continuing his trial as a result of the COVID-19 pandemic. Therefore, Wilke's motion is DENIED as to his speedy trial argument.

**D.      Prohibiting Punishment of Acquitted Conduct Act**

Wilke next intends to argue that "the Court's sentencing procedure is [not] consistent with the Prohibiting Punishment of Acquitted Conduct Act." Dkt. 311 at 4. The Government argues that Wilke cannot cite to proposed legislation to satisfy his burden to raise a question likely to result in resentencing. Dkt. 314 at 3. It also argues that Wilke's sentencing was not infected by acquitted conduct and thus the proposed legislation is inapplicable. *Id.*

The Prohibiting Punishment of Acquitted Conduct Act forbids a district court to consider acquitted conduct at sentencing, except for the purposes of mitigating a sentence.[1] As explained above, the Court did not consider Wilke's acquitted conduct at sentencing. Moreover, the proposed statute states that it only applies to judgments "entered on or after the date of enactment."

Thus, the Court's sentencing procedure was consistent with the Prohibiting Punishment of Acquitted Conduct Act, even though it was not required to be. Therefore, Wilke's motion is DENIED as to the Prohibiting Punishment of Acquitted Conduct Act.

**E.  Cumulative Effect**

Wilke finally argues that cumulative effect of the four stated "errors" and other errors raise a substantial question likely to result in a lower sentence on appeal. Dkt. 311 at 4. The Government argues that this claim adds nothing to the first four. Dkt. 314 at 2. The Court agrees with the Government. Wilke has not identified any errors that raise substantial questions for appeal. Therefore, Wilke's motion is DENIED as to the cumulative effect of the Court's alleged errors.

---

[1] Prohibiting Punishment of Acquitted Conduct Act of 2021, S. 601, 117th Cong. (2021–2022).

## III.  ORDER

Therefore, it is hereby **ORDERED** that Defendant Justin Andrew Wilke's Motion for Release Pending Appeal, Dkt. 311, is **DENIED**. The Government's Motion for Leave to File a Sur-Reply, Dkt. 316, is **GRANTED**.

Dated this 5th day of January, 2022.

BENJAMIN H. SETTLE
United States District Judge